**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| **MICHAEL MOUREAU WILSON** | * | **Case No. 16-10459-RGM** |
| | * | Chapter 7 |
| Debtor. | * | |

**MOTION TO ASSUME AND ASSIGN**
**CERTAIN EXECUTORY CONTRACTS**

H. JASON GOLD, CHAPTER 7 TRUSTEE (**"Trustee"**), by counsel, files this motion (**"Motion"**) pursuant to 11 U.S.C. §365 and Rule 6006 of the Federal Rules of Bankruptcy Procedure to assume certain executory contracts of the debtor, Michael Moureau Wilson (**"Debtor"**) and assigning those assumed contracts to the Debtor, and in support of this Motion states as follows:

1.   This case was commenced by the Debtor's filing of a voluntary petition on February 10, 2016 (**"Filing Date"**).

2.   The Trustee is the duly appointed chapter 7 trustee.

3.   The Debtor is a licensed attorney who concentrates his practice on representing plaintiffs in personal injury cases focused on medical malpractice claims (**"Plaintiffs' Claims"**).

4.   In the course of representing his clients on the Plaintiffs' Claims, the Debtor has made or accepted referrals of certain matters (**"Referred Matters"**) to or from other licensed attorneys.

---

**ALEXANDER M. LAUGHLIN (VSB No. 25237)**
**LAUREN FRIEND McKELVEY, Esquire (VSB No. 78813)**
**Counsel for Trustee**
**ODIN FELDMAN & PITTLEMAN PC**
**1775 Wiehle Avenue, Suite 400**
**Reston, Virginia 20190**
**Phone: 703-218-2134 (Mr. Laughlin)**
**Phone: 703-218-2135 (Ms. McKelvey)**
**Fax: 703-218-2160**
**Alex.Laughlin@ofplaw.com**
**Lauren.McKelvey@ofplaw.com**

5. Those attorneys include: Annie B. Hirsch, Esquire, Hirsch & Cosca, P.C., Cary J. Hansel, Esquire, Hansel Law, P.C., Craig D. Miller, Esquire, Simeone & Miller, LLP, Gobind S. Sethi, Esquire, Robert T. Hall, Esquire, Hall & Sethi, PLC, James C. Bailey, Esquire, Bailey & Ehrenberg, John C. Lowe, Esquire, Andrew Greenwald, Esquire, Steven Pavsner, Esquire, Christopher M. Fitzpatrick, Esquire, Steve Vinick, Esquire, Joseph Greenwald & Laake, PA, Karl J. Protil Jr., Esquire, Shulman Rogers, Margaret Battersby Black, Esquire, Levin & Perconti, Paul R. Wiesenfeld, Esquire, Ronald I. Kaplan, MD, JD, Kaplan & Lukowski, LLP, John Sutherland, Esquire, Kristin Brinster, Esquire, and Sutherland & Brinster, PA (referred to herein, collectively and/or individually, as **"Co-Counsel"**).

6. As part of those referrals to or from the Co-Counsel, the Debtor and the respective Co-Counsel entered into agreements containing some or all of the following terms: the responsibilities of the Debtor and the Co-Counsel in the representation and prosecution of the Plaintiffs' Claims and the Referred Matters, their respective liability on any expenses advanced by the Debtor or the Co-Counsel, and the allocation of the attorneys' fees earned from the Plaintiffs' Claims on the Referred Matters (with the exclusion of the "Lowe Fee Sharing Agreements" as subsequently defined herein, hereinafter collectively referred to as **"Co-Counsel Fee Sharing Agreements"**).

7. On March 14, 2016, the Debtor filed his Schedules and Statement of Financial Affairs (Doc. 18). On March 31, 2016, the Debtor filed Amended Schedules, including an Amended Schedule G identifying executory contracts and leases, including the Co-Counsel Fee Sharing Agreements (Doc. 29).

8. The Co-Counsel Fee Sharing Agreements have significant value to the bankruptcy estate.

9. Pursuant to Section 365(d)(1) of the Bankruptcy Code, the deadline for the Trustee to assume or reject executory contracts and unexpired leases was 60 days after the Filing Date, or April 10, 2016.

10. On April 8, 2016, the Bankruptcy Court entered its Order Granting Trustee's *Ex Parte* Emergency Motion to Extend Time to Assume or Reject Executory Contracts and Unexpired Leases (Doc. 42) extending the deadline under Section 365(d)(1) of the Bankruptcy Code to assume or reject executory contacts and unexpected leases to June 10, 2016.

11. On May 19, 2016, the Bankruptcy Court entered its Order Granting Trustee's Second Motion to Extend Time to Assume Co-Counsel Fee Sharing Agreements (Doc. 68) further extending the deadline under Section 365(d)(1) of the Bankruptcy Code to assume or reject executory the Debtor's fee sharing agreements to August 9, 2016.

12. The Trustee requests authorization to assume and assign all the Co-Counsel Fee Sharing Agreements to the Debtor except for any pre-petition co-counsel or fee sharing agreements with John C. Lowe, Esquire (**"Mr. Lowe"**).

13. Mr. Lowe is party to a number of co-counsel fee sharing agreements with the Debtor. Those agreements are alleged to have been formed by various verbal agreements between the Debtor and Mr. Lowe and set forth in electronic mail exchanges, and in certain instances, more formal written agreements between the Debtor and Mr. Lowe (**"Lowe Fee Sharing Agreements"**).

14. Mr. Lowe has asserted that by virtue of the Lowe Fee Sharing Agreements he has rights to receive a portion of the attorneys' fees to be paid by the Debtor in each of the cases in which the Debtor is acting as plaintiffs' counsel.

15. The Debtor does not want to take an assignment of the Lowe Fee Sharing Agreements.

16. The Trustee has reviewed the Lowe Fee Sharing Agreements and has determined in the exercise of his business judgment that the Lowe Fee Sharing Agreements should not be assumed.

17. Section 365(a) of the Bankruptcy Code provides that a Trustee "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." Such assumption and assignment is within the ambit of the Trustee's sound business judgment. *See NLRB v. Bildisco & Bildisco,* 465 U.S. 513, 523 (1984).

18. Neither the Trustee nor the Debtor are aware of any defaults under the Co-Counsel Fee Sharing Agreements and upon information and belief, there are no defaults.

19. In the absence of any defaults and with this Court's approval, the Trustee may assume the Co-Counsel Fee Sharing Agreements and need not comply with the cure and adequate assurance requirements of Section 365(b) of the Bankruptcy Code.

20. Section 365(b) of the Bankruptcy Code requires a trustee to meet certain additional requirements if he wishes to assume a contract under which there has been a default. "In order to assume an executory contract, the [trustee] must cure or provide adequate assurance that [he] will promptly cure [the] default . . . . The [trustee] must also give assurances of future performance." *In re United American, Inc.,* 327 B.R. 776, 786 (Bankr. E.D. Va. 2005).

21. In the event that any Co-Counsel assert that there have been defaults under the Co-Counsel Fee Sharing Agreements and the Court makes a finding that the Debtor has defaulted under any of those agreements, the Trustee will cure such defaults by the assignment of

- 5 -

the Co-Counsel Fee Sharing Agreements to the Debtor, with such assignment providing the cure and adequate assurances of future performance.

22. In the instant case, the Debtor, as counsel of record in the underlying Plaintiffs' Claims in the Referred Matters is in the best position to perform under the Co-Counsel Fee Sharing Agreements. There can be no genuine dispute or question of the Debtor's ability to perform under the Co-Counsel Fee Sharing Agreements being assumed by the Trustee and assigned to the Debtor. Any bona fide defaults under the Co-Counsel Fee Sharing Agreements will be cured by the Debtor promptly after the assumption and assignment of those contracts to him.

23. In view of the foregoing, the Trustee has satisfied the cure and adequate assurance requirements of sections 365(b)(1)(A)-(C) of the Bankruptcy Code for assumption and assignment of the Co-Counsel Fee Sharing Agreements to the Debtor should there be a finding of any bona fide defaults under any of those agreements.

WHEREFORE, the Trustee respectfully requests that the Court enter an order, substantially in the form attached hereto, (i) authorizing the Trustee to assume the Co-Counsel Fee Sharing Agreements and assign those agreements (excluding the Lowe Fee Sharing Agreements) to the Debtor and (ii) granting such other relief as is just.

Respectfully submitted,

**H. JASON GOLD, TRUSTEE**

By Counsel

**By:** **/s/ Alexander M. Laughlin**
**Alexander M. Laughlin (VSB No. 25237)**
**Counsel for Trustee**
**ODIN FELDMAN & PITTLEMAN PC**
**1775 Wiehle Avenue, Suite 400**
**Reston, Virginia 20190**
**Phone: 703-218-2134**
**Fax: 703-218-2160**
**Alex.Laughlin@ofplaw.com**

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 24th day of June, 2016, a true and accurate copy of the foregoing Motion to Assume and Assign was sent by U.S. mail, first class postage prepaid, to the parties identified on the attached service list (service list attached only to the original of this Notice filed with the Court), via Notice of Electronic Filing upon counsel for Debtor, via email to the Office of the United States Trustee at USTPRegion04.AX.ECF@usdoj.gov, and all registered users in this case pursuant to this Court's CM/ECF policy.

*/s/ Alexander M. Laughlin*
**Alexander M. Laughlin**

#3132313v2